IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY T. BROWN, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| | : | NO. 07-1098 |
| | : | |
| MICHAEL WENEROWICZ, et al., | : | |
| Respondents. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                   **December 10, 2012**

Anthony Brown seeks to reopen his federal habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b)(6). Brown contends that the Supreme Court's recent holding in Martinez v. Ryan, 132 S. Ct. 1309 (2012), warrants relief from the late Judge Louis Pollak's judgment that five of Brown's ineffective-assistance-of-trial-counsel claims were procedurally defaulted. For the following reasons, I will deny Brown's motion.

**I.     BACKGROUND**

On September 28, 2000, a jury convicted Anthony Brown of first-degree murder, reckless endangerment, and possession of an instrument of crime. He was sentenced to life imprisonment. Brown raised several issues on direct appeal, including that trial counsel was ineffective for failing to file a notice of alibi. On May 30, 2003, the Pennsylvania Superior Court dismissed the claims without prejudice to Brown's right to raise them on collateral review.

On April 19, 2004, Brown filed a petition for collateral review under Pennsylvania's Post Conviction Relief Act (PCRA), raising the same issues he raised on direct appeal. On July 19, 2005, the PCRA court dismissed Brown's petition. Brown appealed to the Superior Court, which affirmed.

While Brown's appeal was pending in the Superior Court, he filed a petition for writ of habeas corpus in federal court. Brown again claimed that trial counsel was ineffective for failing to file a notice of alibi. He also alleged that trial counsel was ineffective for (1) failing to file an omnibus suppression motion, (2) failing to move to suppress search and arrest warrants allegedly based on falsified testimony, (3) failing to move to suppress photo array identifications, (4) failing to request radio dispatch records, and (5) improperly entering into a stipulation that facts in the search and arrest warrant affidavits were true. Magistrate Judge Arnold Rapoport determined that the five latter claims were procedurally defaulted because Brown failed to raise them on direct appeal or in his PCRA petition. Brown v. Wakefield, CIV.A. 07-1098, 2010 WL 2606443, at *8 (E.D. Pa. Jan. 28, 2010). As for trial counsel's failure to file a notice of alibi, however, Magistrate Judge Rapoport determined that the error prejudiced Brown and that the PCRA court unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984), in holding otherwise. Brown, 2010 WL 2606443, at *9-16. Accordingly, Magistrate Judge Rapoport recommended conditionally granting Brown's petition. Id. at *19. Judge Pollak adopted Magistrate Judge Rapoport's findings in relevant part and conditionally granted Brown's petition based on trial counsel's failure to file a notice of alibi. Brown v. Wakefield, CIV.A. 07-1098, 2010 WL 2596900, at *18 (E.D. Pa. June 24, 2010).

The Commonwealth appealed, and the Third Circuit reversed, holding that trial counsel's failure to file a notice of alibi did not prejudice Brown.[1] Brown v. Wenerowicz, 663 F.3d 619, 630 (3d Cir. 2011). The court held that, in finding prejudice and granting relief, "the District Court gave too little deference to the Pennsylvania Superior Court." Id. at 632. "The proper question," the court noted, "was whether fair-minded jurists could agree with the Superior Court, not whether it erred in denying relief." Id. That is because, in the habeas context, "'[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 785 (2011)). The Supreme Court denied certiorari on April 16, 2012.

Brown filed this Rule 60(b)(6) motion on May 22, 2012, seeking relief from the portion of Judge Pollak's opinion concluding that five of Brown's ineffective-assistance-of-trial-counsel claims were procedurally defaulted.[2] He bases his motion solely on the Supreme Court's recent holding in Martinez v. Ryan, 132 S. Ct. 1309 (2012).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) requires a showing of "extraordinary

---

[1] Irrelevant to the present motion, the Third Circuit also found that the district court erred in holding an evidentiary hearing. Brown v. Wenerowicz, 663 F.3d 619, 628-29 (3d Cir. 2011).
[2] This case was transferred to me on June 7, 2012, following Judge Pollak's passing.

circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the habeas context." Id.

### III. DISCUSSION

In Martinez, the Supreme Court considered "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 132 S. Ct. at 1315. The Court had previously held in Coleman v. Thompson, 501 U.S. 722 (1991), that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. Martinez, 132 S. Ct. at 1319. Crafting a "narrow exception" to the rule in Coleman, the Martinez Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320.

Here, Judge Pollak found that five of Brown's ineffective-assistance-of-trial-counsel claims were procedurally defaulted and that, under Coleman, PCRA counsel's failure to raise the claims did not establish cause excusing the default. Brown now argues that the Court's intervening decision in Martinez constitutes an "extraordinary circumstance" justifying relief from Judge Pollak's judgment.[3] I disagree.

---

[3] The Commonwealth argues that Brown's motion "arguably should be treated as a successive habeas petition." Doc. No. 117 at 9 n.1. While Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions, Brown's motion is not a successive petition. A petitioner does not make a "habeas corpus claim . . . when he merely asserts that a previous ruling which precluded a merits determination was

4

Addressing this precise issue, the Fifth Circuit held that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)."  Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012) (citations and internal quotation marks omitted).  There, the district court denied Adams' habeas petition after finding that his ineffective-assistance-of-trial-counsel claims were procedurally defaulted and that "ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default."  Adams, 679 F.3d at 316.  Adams argued, just as Brown does here, that Martinez constituted an "extraordinary circumstance" entitling him to relief under Rule 60(b)(6).

The Fifth Circuit disagreed, finding support in the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524 (2005).  In Gonzales, the Court "concluded that a change in decisional law, concerning the interpretation of [the Antiterrorism and Effective Death Penalty Act's] statute of limitations, after the entry of the district court's judgment dismissing the habeas petition did not constitute 'extraordinary circumstances' under Rule 60(b)(6)."  Adams, 679 F.3d at 320.  Similarly, the Fifth Circuit held that "[t]he Supreme Court's later decision in Martinez, which creates a narrow exception to Coleman's holding regarding cause to excuse procedural default, does not constitute an

---

in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).  Here, Brown challenges Judge Pollak's determination that five of his ineffective-assistance-of-trial-counsel claims were procedurally defaulted.  Thus, his motion is not an improper successive habeas petition.  See, e.g., Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012).

'extraordinary circumstance' under Supreme Court and our precedent[4] to warrant Rule 60(b)(6) relief." Adams, 679 F.3d at 320.

I am persuaded by the Fifth Circuit's reasoning in Adams, and I join other courts in holding that Martinez does not alone constitute an "extraordinary circumstance" warranting relief under Rule 60(b)(6). See Vogt v. Coleman, CIV.A. 08-530, 2012 WL 2930871, at *3-4 (W.D. Pa. July 18, 2012); Fitzgerald v. Klopotoski, CIV.A. 09-1379, 2012 WL 5463677, at *2-3 (W.D. Pa. Nov. 8, 2012); McGuire v. Warden, Chillicothe Corr. Inst., 3:99-CV-140, 2012 WL 5303804, at *5 (S.D. Ohio Oct. 25, 2012); Kibby v. Kemna, 4:07CV1123 ERW, 2012 WL 4464687, at *4 (E.D. Mo. Sept. 26, 2012); Haynes v. Thaler, CIV.A. H-05-3424, 2012 WL 4739541, at *4 (S.D. Tex. Oct. 3, 2012); Horton v. Sheets, 2:07-CV-525, 2012 WL 3777431, at *2 (S.D. Ohio Aug. 30, 2012). Brown's motion is therefore denied.

In any event, I note that Martinez would be unavailing even if the case constituted an "extraordinary circumstance" warranting relief from Judge Pollak's judgment. Martinez held that ineffective assistance of counsel at an "initial-review collateral proceeding" may establish cause to excuse a procedural default where (1) counsel was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984), and (2) the prisoner "demonstrate[s] that the underlying ineffective-assistance-of-trial-counsel

---

[4] Although the Third Circuit has yet to address the implications of Martinez, like the Fifth Circuit, it has held that "[b]ecause of the societal interest in the finality of judgments, intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Parker v. Univ. of Pennsylvania, 239 F. App'x 773, 775 (3d Cir. 2007); see also Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 311 (3d Cir. 1999); Marshall v. Bd. of Ed., Bergenfield, N. J., 575 F.2d 417, 424-26 (3d Cir. 1978).

claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318.

Even assuming Brown's PCRA counsel was ineffective under Strickland, Brown's five defaulted claims have no merit.  As the Third Circuit noted in reversing Judge Pollak's grant of Brown's petition, "the case against Brown was not based on circumstantial evidence."  Brown v. Wenerowicz, 663 F.3d 619, 630 (3d Cir. 2011). Rather, the Commonwealth marshaled numerous eyewitnesses who identified Brown as the assailant both immediately following the shooting and later at trial.  Id.  In addition to the eyewitness testimony, "the prosecution presented a strong motive for the crime," namely a "heated feud" between Brown's sister and the victim's family.  Id. at 631. Brown's procedurally defaulted claims simply do not relate to this evidence.  Because Brown's underlying ineffective-assistance-of-trial-counsel claims lack any merit, Martinez would not provide Brown with relief.

## IV.   CONCLUSION

For the foregoing reasons, Brown's motion for relief from judgment is denied.

An appropriate order follows.